IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TEAMSTERS LOCAL UNION NO. 727 HEALTH AND WELFARE FUND, TEAMSTERS LOCAL UNION NO. 727 PENSION FUND and TEAMSTERS LOCAL UNION NO. 727 LEGAL AND EDUCATIONAL ASSISTANCE FUND, | ) ) ) ) ) ) ) | FILED: APRIL 11, 2008 08 CV 2082      EDA JUDGE NORGLE MAGISTRATE JUDGE MASON |
| Plaintiffs, | ) | |
| v. | ) ) | |
| LAKE TERRACE CONDOMINIUM ASSOCIATION, an Illinois Corporation, | ) ) ) | |
| Defendant. | ) | |

## ANSWER

NOW COMES Defendant LAKE TERRACE CONDOMINIUM ASSOCIATION, by its attorneys, Jason E. Orth and Lizabeth A. Muniz, and for its Answer to the Complaint, states as follows:

1. This action is brought under the provisions of Sections 502(g)(2), (a)(3), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(g)(2), (a)(3), and 1145.

ANSWER:   Defendant admits the allegations of paragraph 1 of the Complaint.

2. Jurisdiction in this Court is based upon Sections 502(e)(1) and 502 (e)(2) of ERISA, 29 U.S.C. §§ 1132(e)(1) and (e)(2). Section 502(e)(2) states in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

ANSWER:   Defendant admits the allegations of paragraph 2 of the Complaint.

3. The TEAMSTERS LOCAL UNION NO. 727 HEALTH AND WELFARE FUND, NO. 727 LEGAL AND EDUCATIONAL ASSISTANCE FUND, ("Funds") receive contributions from numerous employers pursuant to collective bargaining agreements heretofore entered into between Teamsters Local Union No. 727 ("Union") and Defendant, and the Funds are maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal law and the Funds are administered pursuant to the terms and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

**ANSWER:** Defendant admits the allegations of paragraph 3 of the Complaint.

4. The Funds offices are located at 5940 West Montrose Avenue, Chicago, Illinois 60634, and the Funds are administered in the Northern District of Illinois.

**ANSWER:** Defendant admits the allegations of paragraph 4 of the Complaint.

5. As provided in the Trust Agreements, Plaintiffs are required to receive, hold and manage all monies required to be contributed to the Funds in accordance with the provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreements.

**ANSWER:** Defendant admits the allegations of paragraph 5 of the Complaint.

6. Defendant is an employer engaged in an industry affecting commerce and maintains its principal place of business at 7337 South Shore Drive, Chicago, IL 60649-3500.

**ANSWER:** Defendant admits the allegations of paragraph 6 of the Complaint.

7. Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreement or agreements referred to herein, by the terms of which Defendant was required to contribute to the Funds.

**ANSWER:** Defendant admits the allegations of paragraph 7 of the Complaint.

8. Plaintiffs are advised and believe that Defendant has failed to submit accurate contribution reports and the required payments thereon to the Funds, pursuant to the terms of the collective bargaining agreement by which it is bound, all in violation of its contractual obligations under applicable federal statutes.

**ANSWER:** Defendant admits that it has occasionally failed to submit accurate contribution reports and the required payments thereon, but affirmatively states that it believes it

has overpaid to the Fund for certain employees and to date, the Fund has refused to give credit for such overpayments.

     9.    That Defendant is delinquent to the Funds for the period of December 1, 2004, through December 31, 2006, in the amount of $61,307.08, as determined by the Fund's Auditors.

     **ANSWER:**    Defendant denies the allegation of paragraph 9 of the Complaint.

     10.    Defendant's failure to pay is a violation of the collective bargaining agreement and the Trust Agreement. Plaintiffs, therefore, seek enforcement of these provisions pursuant to Section 502(a)(3), (b)(ii), and Section 301 (a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C., Sec. 185(a).

     **ANSWER:**    Defendant denies that it has failed to pay in the amount alleged in this Complaint and affirmatively states that the remaining allegations are legal conclusions and as such, no response is required thereto.

     11.    That from January 1, 2007, through the current date, Defendant has employed, and will continue in the future to employ, diverse number of individuals which are unknown to Plaintiffs but are known to Defendant.

     **ANSWER:**    Defendant admits that it has employed, and will continue to employ, a diverse number of individuals. Defendant is without information as to the remaining allegations of paragraph 11 and therefore, denies the same.

     12.    Plaintiffs are entitled to an accounting from Defendant, said accounting to state the number of individuals regularly employed by Defendant, including those regularly employed on a part-time basis, and the length of time all said individuals were employed by Defendant for the period January 1, 2007, through the present date.

     **ANSWER:**    Defendant denies the allegations of paragraph 12 of the Complaint.

     13.    Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Collective Bargaining Agreement and the Trust Agreement, and is restrained from continuing to refuse to perform as thereunder required.

     **ANSWER:**    Defendant denies the allegations of paragraph 13 of the complaint.

WHEREFORE, Defendant, LAKE TERRACE CONDOMINIUM ASSOCIATION, requests the Court dismiss the Complaint with prejudice, award Defendant its cost and expenses in having to defend against the Complaint and further relief as the Court may determine just and proper.

                LAKE TERRACE CONDOMINIUM
                ASSOCIATION


                By:/s/ Lizabeth A. Muniz
                    One of Its Attorneys

Jason E. Orth
Lizabeth A. Muniz
Kovitz Shifrin Nesbit
750 West Lake Cook Road, Suite 350
Buffalo Grove, Illinois  60089
(847) 577-0500
Attorney No. 6274607

CLX49:38010\515606.1